UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND TETRAULT, TIMOTHY MUELLER, RICHARD DOYLE AND DELBERT CLICK, <br><br>    Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE CO., <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 4:11-cv-00695 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant United Parcel Service, Inc., incorrectly named United Parcel Service Co. ("UPS"), and for its Memorandum in Support of Motion to Dismiss states as follows:

Plaintiffs Raymond Tetrault, Timothy Mueller, Richard Doyle and Delbert Click ("Plaintiffs") filed suit against UPS alleging various acts of purported discriminatory conduct. Without citing a charge of discrimination, Plaintiffs generally allege that UPS wrongfully discharged them and subjected them to harassment on account of their race, age, color and/or sex.  (Doc. 1-3, ¶ 4,6 & 8)  Plaintiffs do not state whether all of the Plaintiffs were discriminated against and harassed on the basis of every protected characteristic listed in the Petition, or if some were discriminated against and harassed due to certain protected characteristics and not others.  *Id.*  In addition, Plaintiffs do not identify the statutory basis upon which Plaintiffs file suit.  *Id.*  Plaintiffs also fail to state that they exhausted their administrative remedies by filing Charges of Discrimination, nor do they allege that they obtained Notices of Right to Sue from

either the Equal Employment Opportunity Commission ("EEOC") or Missouri Commission on Human Rights ("MCHR").  (Doc. 1-3)

Presumably, Plaintiffs seek to recover for race, age, color and/or sex discrimination under Title VII or the Missouri Human Rights Act (MHRA).  While it is true that Title VII and the MHRA prohibit race, age, color and/or sex discrimination, these statutes also require that a plaintiff exhaust his administrative remedies before filing suit for such discrimination.  42 U.S.C. § 2000e; § 213.055.1 R.S.Mo. (1994).  Administrative exhaustion requires, in part, that a claimant file a charge of discrimination with the EEOC or MCHR and that he receive a Notice of Right to Sue before instituting a civil action based on the allegations in the charge.  42 U.S.C. § 2000e-5(f)(1); RSMo.  §213.075, 213.111.; *Jones v. ITT Educational Services, Inc.,* 587 F.Supp. 1533, 1537 (E.D. Mo. 1984).  It is well settled that a claimant must give notice of all claims of discrimination in the administrative complaint in order to file suit for those claims.[1]  *Tart v. Hill-Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir. 1994).

Here, Plaintiffs failed to state a claim upon which relief can be granted because they have not alleged that they exhausted their administrative remedies by timely filing Charges of Discrimination with the EEOC or the MCHR.  (Doc. 1-3)  Moreover, Plaintiffs failed to state a claim for relief because they have not alleged that after timely filing Charges of Discrimination, they received Notices of Right to Sue from the EEOC or MCHR.  (Doc. 1-3).  Upon information and belief, Plaintiffs Tetrault, Mueller and Click never filed Charges of Discrimination against

---

[1] Moreover, the Eighth Circuit has long held that administrative remedies are exhausted only as to  incidents of discrimination that are "like or reasonably related to the allegations of the administrative charge."  Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986).  The very purpose of the administrative filing is to provide the EEOC with necessary information to investigate the claimed employment discrimination, to provide the employer an opportunity to respond to such allegations, and to allow the parties the opportunity to resolve any dispute short of litigation.

UPS and consequently could not have obtained Notices of Right to Sue from the EEOC or MCHR permitting them to proceed to litigation.  Only one of the plaintiffs, Plaintiff Doyle, filed a charge of discrimination against UPS alleging age discrimination.  Upon information and belief, the investigation of Plaintiff Doyle's charge of discrimination is currently open and a Notice of Right to Sue has not issued.  Based on the foregoing, Plaintiffs' claims are not cognizable under Title VII or the MHRA and must be dismissed.

WHEREFORE, Defendant United Parcel Service, Inc., incorrectly named United Parcel Service, Co., moves the Court to dismiss the above action, award Defendant its costs and attorneys fees incurred herein, and for such other and further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

BY: */s/ Jovita M. Foster*
Daniel K. O'Toole, #38051MO
Jovita M. Foster, #52455MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
dotoole@armstrongteasdale.com
jfoster@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2011, the foregoing was filed via ECF and served via the Court's electronic notification system on the following:

John Wendler
P.O. Box 339
Edwardsville, IL 62025
618-656-6004
Fax: 618-656-1892
wendlawoff@yahoo.com
*Attorney for Plaintiff*

                                      */s/ Jovita M. Foster*