UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND TETRAULT, ) | |
| TIMOTHY MUELLER, AND ) | |
| RICHARD DOYLE ) | |
| ) | |
| PLAINTIFF(s), ) | |
| ) | Case No. 4:11-CV-00695-AGF |
| vs. ) | |
| ) | |
| UNITED STATES PARCEL CO., ) | |
| ) | |
| DEFENDANT(S). ) | |

**Memorandum of Law in Support of Plaintiffs Motion to Amend**

Defendant has filed a Motion to Dismiss the Complaint of the three Plaintiffs in this cause. While Plaintiffs do not admit any validity to any of the issues raised by the Defendant, Plaintiffs do contend that the differences between the Plaintiffs require an amendment of their Complaint to file at least three separate counts.  Prior to the removal of this action to the United States District Court for the Eastern District of Missouri one Plaintiff, Delbert Click, voluntarily dismissed his complaint reflecting resolution of some of the joint representation issues. Plaintiffs anticipated amending their pleading in the State Court prior to the case management conference.  Further investigation has provided a basis and a need to plead each Plaintiff's cause of action in at least one separate count

Plaintiffs request leave to file an Amended Complaint by motion under Rule 7 of the Federal Rules of Civil Procedure and E. D. Mo. L.R. 4.01.  Rule7 of the Federal Rules of Civil Procedure states in pertinent part as follows:

"Rule 7.  Pleadings Allowed; Form of Motions and Other Papers

(a) Pleadings. Only these pleadings are allowed:

    (1) a complaint;
    (2) an answer to a complaint;
    (3) an answer to a counterclaim designated as a counterclaim;
    (4) an answer to a crossclaim;
    (5) a third-party complaint;
    (6) an answer to a third-party complaint; and
    (7) if the court orders one, a reply to an answer.

(b) Motions and Other Papers.
  (1) *In General.* A request for a court order must be made by motion. The motion must:
    (A) be in writing unless made during a hearing or trial;
    (B) state with particularity the grounds for seeking the order; and
    (C) state the relief sought.
  (2) *Form.* The rules governing captions and other matters of form in pleadings apply to motions and other papers."

The above litigation is in its initial stages and discovery has not been initiated as yet. Rule 15(a) of the Federal Rules of Civil Procedure mandates the Court freely allow amendments to a complaint "when justice so requires." Rule 15(a) allows the amendment of the Plaintiffs' pleading as a matter of course if the pleading is one to which a response pleading is required 21 days after service of a responsive pleading.

Plaintiffs contend that the standard governing the amendment of a complaint is stated in the case of *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir., 1998) in which the court stated as follows:

> "A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion. See Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993); Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981). HN1After an answer has been filed in response to the plaintiff's complaint, the plaintiff "may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Proper justification for denying such a motion includes: "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue [**4] prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). Delay alone is insufficient justification; prejudice to the nonmovant must also be shown. See Buder, 644 F.2d at 694 (finding that delay coupled with a mere recitation of prejudice by the district court was insufficient to pass scrutiny); Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp.,

> 542 F.2d 1010, 1012 (8th Cir. 1976) (holding that delay alone is not enough to deny a motion to amend). Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment. Buder, 644 F.2d at 694."

Plaintiffs have not caused undue delay, acted in bad faith or engaged in any dilatory motive. Plaintiffs continuing investigation of the circumstances of their claim has led counsel to conclude that an amendment of the Plaintiffs' complaint is necessary and can be accomplished upon obtaining additional information regarding a number of aspects of their claim including, but not limited to, the filing of Plaintiffs EEOC claims and/or present intention to file.

    Plaintiffs have not filed a proposed complaint with their motion for a number of reasons. Plaintiff, Ray Tetrault, filed with the EEOC regarding the actions taken by the Defendant, but Plaintiff, Ray Tetrault, cannot find the documentation regarding his filing and has enlisted the assistance of his brother to determine the status of the filing and the location of the pending claim at present.  Plaintiff, Raymond Tetrault, has to search various records to find relevant dates and has experienced difficulty in locating various records. Plaintiff, Richard Doyle's, records are complete and an Amended Complaint could be filed on his behalf, but Counsel for Plaintiffs' asks the Court for leave to file a later amended complaint so that all claims are in one document.

    Wherefore, Plaintiffs request leave of this Court to file an Amended Complaint in the above cause up to and including the 12th day of June, 2011.

**By:** _/s/ John D. Wendler_
John D. Wendler
Attorney At Law
P.O. Box 339
Edwardsville, Illinois 62025

(618) 288-9210 - Phone  
(618)288-9211 - Fax  
Ill Bar No. 298043  
Mo. Bar No. 32854  
ATTORNEY FOR PLAINTIFF(S). RAYMOND TETRAULT, ET. AL.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above was electronically mailed to the U.S. District Court Eastern District of Missouri, and mailed via U.S. Postal Service first class, postage prepaid on the 17th day of May, 2011, to attorney (s) of record:

Jovita M. Foster  
Armstrong Teasdale, LLC  
7700 Forsyth Blvd., Suite 1800  
St. Louis, MO 63105  
*Attorney for Defendant, United States Parcel Co.*

                                                           */s/ John D. Wendler*  
                                                          John D. Wendler