**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RAYMOND TETRAULT,     )
TIMOTHY MUELLER, AND   )
RICHARD DOYLE        )
                     )
     PLAINTIFF(s),   )
                     ) Case No. 4:11-CV-00695-AGF
vs.                    )
                     )
UNITED STATES PARCEL CO.   )
                     )
     DEFENDANT(S).   )

<u>**AMENDED PETITION FOR DAMAGES**</u>

<u>**COUNT I – AMENDED PETITION FOR DAMAGES**</u>

       Comes now Plaintiff, Richard Doyle, by his attorney, John D. Wendler and for

Count I of the Amended Petition for Damages directed to Defendant, United Parcel Service,

 states as follows:

       1.      At all times mentioned herein Richard Doyle is a resident of the County of

Phelps, City of Rolla, State of Missouri and is 54 years of age having been born on November 11,

1957.

       2.      At all times mentioned herein Defendant, United Parcel Service, is a corporation

authorized to do business in the State of Missouri.

       3.      Plaintiff began his employment with Defendant on May 1, 2000, in a part time

capacity in Camdenton, Missouri and became a full time on January 22, 2002 working out of

Rolla Missouri.

       4.      At the time of his discharge from United Parcel Service Mr. Doyle was a delivery

Driver having the following job description:

      i)       Delivered time sensitive materials.

      ii)      Made general deliveries.

      iii)     Obeying all traffic law.

      iv)     Make adjustments in the time and manner that he covered his route due to weather conditions, fog, snow, and delivering at night.

5.     During the course of the Plaintiff's employment with United Parcel Service it engaged in a policy of applying discipline for work rule violations in a manner that penalized workers over forty years of age in order to avoid having to pay greater salary and employment to older workers.

6.     During the course of the Plaintiff's employment at United Parcel Service younger workers were given lighter discipline for the same infraction of company rules because they were hired and were receiving less compensation, including salary and benefits, than the older workers doing the same or similar job and because they would not insist on the enforcement of the provisions of the collective bargaining agreement under which Mr. Doyle labored.

7.     The United Parcel Employees that were engaged in the unequal administration of work rules and discipline are as follows:

      i)       Ron Dodge – Rolla Center Manager

      ii)      Shawn Williams – On Car Supervisor – Rolla Center

8.     United Parcel Supervisors engaged in the following conduct to generate work rule violations that would allow them to terminate older employees and replace the older workers with younger workers receiving less compensation and/or replace Mr. Doyle with someone who would not insist on performing pursuant to the collective bargaining agreement:

       i)       Claims of intentionally working slow.

       ii)      Constant threats regarding time constraint of job

       iii)     Constraint urging to break traffic laws including speed limits

       iv)     Supervisor telling him that the only reason he was riding with him was to take him out of service.

       v)      Shouting at him during the course of his work.

9.     All of the conduct of the employees of United Parcel Service in applying disciplinary rules was made with the direct intention to remove older (40 years and over) workers from the work force to reduce operating costs.

10.    After August 1, 2002 a deliver van driver makes $15.75 dollars per hour.

11.    At the time that Richard Doyle was discharged his hourly rate was $29.23 dollars per hour.

12.    As a direct and proximate result of the discriminatory conduct of the Defendant, the Plaintiff sustained the following damages:

       i)       He has lost wages and will lose wages in the future.

       ii)      He has lost a benefit package

       iii)     He has lost his retirement

       iv)     He has incurred attorney's fees

13.    At all times mention herein United Parcel Services is a cover entity under the Age Discrimination in Employment Act of 1967 having more than 20 employees engaged in an industry that impacts interstate commerce.

14.    Defendant's conduct in harassment and discharge of workers over the age of

forty years is in direct violation section 4(a0 of the Age Discrimination in Employment Act

of 1967 in that unequal discharge of employees directly affects the oldest employees over the

age of forty by directly destroying their compensation and benefits.

15.     Defendant's act in terminating the Plaintiff was not due to good cause as

the disciplinary process was used to reduce operating over-head by moving younger drivers

into positions being held by older drivers by unequal application of discipline.

16.     This action is brought pursuant to 29 U.S.C. §626(c) (1)

17.     In deciding to terminate the Plaintiff age was the determining factor due to the

compensation available to older employees being most expansive than that available

to younger employees.

18.     But for the age of the Plaintiff he would not have been subject to the disciplinary

action taken.

WHEREFORE, Plaintiff, Richard Doyle, prays judgment of this Court in his favor

and against United Parcel Service in an amount of money sufficient to compensate him for his

loses and for such other and further relief as the Court deems just and equitable.


BY:     /s/John D. Wendler
        John D. Wendler
        Attorney at Law
        P.O. Box 339
        Edwardsville, Illinois 62025
        618-288-9210
        Mo. Bar No. 32854
        Wendlawoff@yahoo.com
        Attorney for Richard Doyle

PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT I

## COUNT II – AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Ray Tetrault, by his attorney. John D. Wendler, and for Count II of the Amended Petition for Damages directed to Defendant, United Parcel Service states as follows:

1.      At all times mention herein Ray Tetrault was a resident of the City of Florissant, State of Missouri and he is 55 years of age having been born on October 31, 1955.

2.      A t all times mentioned herein Defendant, United Parcel Service Inc.
 Is a corporation authorized to do business in the State of Missouri and operates a Facility at Earth City, Missouri.

3.      Plaintiff began his employment with Defendant on November 11, 1972, at St. Louis, Missouri, on Jefferson Ave.

4.      During his employment at the Defendant he worked as a part-time loader And package car driver.

5.      Plaintiff's last position with Defendant was as an over-the –road truck driver with a double trailer driving the same from St. Louis to Indianapolis with his starting point being Earth City, Missouri.

6.      In an effort to lower operating costs the following management employees engaged in a course of application of disciplinary actions that subjected old employees to consequences and job actions to which younger employees were not subjected:

i)      Al Worthy – Manager of Supervisors at Earth City Facility.

ii)     Rusty Fogardy – Supervisor at the Earth City Facility

iii)    Other supervisors at the Earth City, Missouri

7.      The conduct that constituted unequal application of discipline began in May of 2008 (Plaintiff was escorted off lot for cracked suspension place – non DOT Violation) and

Page **5** of **28 Amended Petition for Damages**

continued up to and including his day of discharge July 7, 2010.

8.    United Parcel Service engaged in the following acts of unequal application of work discipline in an effort to discharge the Plaintiff:

i)    Terminated Plaintiff for a cracked suspension plate but did not terminate other drivers for the same reason.

ii)   Forced Plaintiff to operate a tractor unit with a 21 lbs. clutch plate while the other drivers used trucks with an 11 pound clutch plate resulting in Plaintiff injuring his knee.

iii)  An unnamed Supervisor contended that Plaintiff cut her off with a truck, but the same was a false accusation.

iv)   Contended that an accident had occurred Leaving UPS facility at Indianapolis, when in fact no accident had occurred.

9.    Up to the time of his termination Plaintiff had 31 years of safe driving and never had a warning, suspension before Worthy arrived at St. Louis.

10.   At the time of the acts of the Defendant there was enforce two levels of compensation for United Parcel Service, Inc. with drivers of tractor-trailer units who held that position prior to 1996 being entitled to significantly more compensation than driver not subject to the 1996 contract.

11.   At the time that he was terminated Plaintiff received the following compensation:

i)    Income of $105,000.00

ii)   69 cents per mile with hourly pay of $28.96 per hour.

iii)  Seven weeks paid vacation, two personal holidays, full benefits

including major medical, prescription, eye and dental

12.     Younger employees not having the benefit of the 1976 contract

are entitled to the following compensation and benefits:

      i)       $14.00 per hour

      ii)      No benefits for a year

      iii)      Two weeks' vacation after two years

      iv)     Five years of vacation after 25 years of employment.

13.     As a direct and proximate result of the actions of the Defendant the Plaintiff

was damaged as follows:

      i)       His lost income and will lose income in the future

      ii)      He has lost job benefits and will lose the same in the future

      iii)      He has lost pension benefits and will lose the same in the
future.

      iv)     He has experienced anxiety and embarrassment as a result of
his being wrongfully terminated.

      v)      He has experienced physical manifestations of his anxiety in
the form of bleeding ulcers and GI Bleeding.

      vi)      He does not eat, sleep or communicate with others as he
used to do.

      vii)     He has nightmares regarding the way he was treated.

      viii)    He has suffered a major depressive episode.

14.     At all times mention herein United Parcel Services is a cover entity under the

Age Discrimination in Employment Act of 1967 having more than 20 employees engaged in an

industry that impacts interstate commerce.

15.     Defendant's conduct in harassment and discharge of workers over the age of forty years is in direct violation section 4(a0 of the Age Discrimination in Employment Act of 1967 in that unequal discharge of employees directly affects the oldest employees over the age of forty by directly destroying their compensation and benefits.

16.     Defendant's act in terminating the Plaintiff was not due to good cause as the disciplinary process was used to reduce operating over-head by moving younger drivers into positions being held by older drivers.

17.     In deciding to terminate the Plaintiff age was the determining factor due to the compensation available to older employees being most expansive than that available to younger employees.

18.     But for the age of the Plaintiff he would not have been subject to the disciplinary action taken.

WHEREFORE, Plaintiff, Ray Tetrault, prays judgment of this Court in his favor and against Defendant in an amount of money sufficient to compensate him for his loses and such other and further relief as the Court deems just and equitable.


BY:     /s/John D. Wendler
        John D. Wendler
        Attorney at Law
        P.O. Box 339
        Edwardsville, Illinois 62025
        618-288-9210
        Mo. Bar No. 32854
        Wendlawoff@yahoo.com
        Attorney for Ray Tetrault


PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT II

## COUNT III – AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Tim Mueller, by his attorney. John D. Wendler, and for Count III of the Amended Petition for Damages directed to Defendant, United Parcel Service, states as follows:

1.      At all times mention herein Tim Mueller is a resident of the City of Baldwin, State of Missouri and is 51 years having been born on July 31, 1959

2.      A t all times mentioned herein Defendant, United Parcel Service Inc. is a corporation authorized to do business in the State of Missouri and operates a facility at Earth City, Missouri.

3.      Plaintiff began his employment with Defendant on January 11, 1984 at Jefferson Ave in St. Louis, Missouri beginning as a feeder driver moving to over the road Tractor trailer unit driver.

4.      Plaintiff's last position with Defendant was as an over-the –road truck driver with a double trailer driving the same from St. Louis to Indianapolis and his start point was Earth City, Missouri.

5.      In an effort to lower operating costs the following management employees engaged in a course of application of disciplinary actions and work rules that subjected older employees to consequences and dismissals to which younger employees were not subjected:

        i)      Al Worthy – Manager of Supervisors at Earth City Facility.

        ii)      Rusty Fogardy – Supervisor at the Earth City Facility

        iii)      Mark Edgar - Supervisors at the Earth City, Missouri.

        iv)      Other supervisors at the Earth City Facility, Missouri

7.      The conduct that constituted unequal application of work rules and discipline began in October of 2009 and continued up to and including his day of discharge.

8.      United Parcel Service engaged in the following acts of unequal application of work rules and the application of discipline to discharge the Plaintiff:

      i)      Terminate Plaintiff for actions that did not result in termination to younger employees.

      ii)     Forced Plaintiff to operate a tractor unit with constant surveillance while younger and less experienced drivers did not received constant surveillance.

      iii)    Plaintiff was taken into the office to warn him he was not doing the work fast enough.

      iv)    Plaintiff requests for management assistance to correct operation problems that were delaying him were ignored and he was placed under further surveillance.

9.      Up to the time of his termination Plaintiff had years of safe driving and never acted in a manner to justify termination in comparison with to other younger drivers.

10.      At the time of the acts of the Defendant there was enforce two levels of compensation for United Parcel Service, Inc. with drivers of tractor-trailer units who held that position prior to 1996 being entitled to significantly more compensation than driver not subject to the 1996 contract.

11.      At the time that he was terminated Plaintiff received the following compensation:

      i)      Income in excess of $105,000.00

      ii)     69 cents per mile with hourly pay of $30.125 per hour.

      iii)    Seven weeks paid vacation, two personal holidays, full benefits

including major medical, prescription, eye and dental

12.     Younger employees not having the benefit of the 1996 contract
are entitled to the following compensation and benefits:

     i)    $14.00 per hour

     ii)    No benefits for a year

     iii)    Two weeks' vacation after two years

     iv)    Five years of vacation after 25 years of employment.

     v)    New hires were not at the top of the pay scale for three years.

14:     As a direct and proximate result of the actions of the Defendant the
Plaintiff was damaged as follows:

     i)    His lost income and will lose income in the future.

     ii)    He has lost job benefits and will lose the same in the future.

     iii)    He has lost pension benefits and will lose the same in the future.

     iv)    He has experienced anxiety and embarrassment as a result of his being wrongfully terminated.

     v)    He has experienced physical manifestations of his anxiety.

     vi)    He does not eat, sleep or communicate with others as he used to do.

     vii)    He has nightmares regarding the way he was treated.

     viii)    He has suffered a major depressive episode.

     ix)    He has been forced by his condition to seek care of his primary care physician and has been referred to a psychiatrist.

       x)      He has suffered sleeplessness and hopelessness

       xi)     He has lost his pension benefits.

14.      At all times mention herein United Parcel Services is a cover entity under the Age Discrimination in Employment Act of 1967 having more than 20 employees engaged in an industry that impacts interstate commerce.

15.      Defendant's conduct in harassment and discharge of workers over the age of forty years is in direct violation section 4(a) of the Age Discrimination in Employment Act of 1967 in that unequal discharge of employees directly affects the oldest employees over the age of forty by directly destroying their compensation and benefits.

16.      Defendant's act in terminating the Plaintiff was not due to good cause as the disciplinary process was used to reduce operating over-head by moving younger drivers into positions being held by older drivers.

17.      In deciding to terminate the Plaintiff age was the determining factor due to the compensation available to older employees being most expansive than that available to younger employees.

18.      But for the age of the Plaintiff he would not have been subject to the disciplinary action taken.

WHEREFORE, Plaintiff, Tim Mueller, prays judgment of this Court in an amount of money sufficient to compensation him for his losses and such other and further relief as the Court deems just and equitable.

                           BY:    <u>/S/John D. Wendler</u>
                                John D. Wendler
                                Attorney at Law
                                P.O. Box 339
                                Edwardsville, Illinois 62025
                                618-288-9210

Mo. Bar No. 32854
Wendlawoff@yahoo.com
Attorney for Ray Tetrault

PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT III

## COUNT IV – AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Richard Doyle, by his attorney, John D. Wendler and for

Count IV of the Amended Petition for Damages directed to Defendant, United Parcel Service,

states as follows:

1.      At all times mentioned herein Richard Doyle is a resident of the County of

Phelps, City of Rolla, State of Missouri and is 54 years of age having been born on November 11,

1957.

2.      At all times mentioned herein Defendant, United Parcel Service, is a corporation

authorized to do business in the State of Missouri.

3.      Plaintiff began his employment with Defendant on May 1, 2000, in a part time

capacity in Camdenton, Missouri and became a full time on January 22, 2002 working out of

Rolla Missouri.

4.      At the time of his discharge from United Parcel Service Mr. Doyle was a delivery

Driver having the following job description:

        i)      Delivered time sensitive materials.

        ii)     Made general deliveries.

        iii)    Obeying all traffic law.

        iv)     Make adjustments in the time and manner that he covered

                his route due to weather conditions, fog, snow, and delivering

                at night.

5.      During the course of the Plaintiff's employment with United Parcel Service it engaged in a policy of applying discipline for work rule violations in a manner that penalized workers over forty years of age in order to avoid having to pay greater salary and employment to older workers.

6.      During the course of the Plaintiff's employment at United Parcel Service younger workers were given lighter discipline for the same infraction of company rules because they were hired and were receiving less compensation, including salary and benefits, than the older workers doing the same or similar job.

7.      The United Parcel Employees that were engaged in the unequal administration of discipline:

      i)      Ron Dodge – Rolla Center Manager

      ii)     Shawn Williams – On Car Supervisor – Rolla Center

8.      United Parcel Supervisors engaged in the following conduct to generate work rule violations that would allow them to terminate older employees and replace the older workers with younger workers receiving less compensation:

      i)      Claims of intentionally working slow.

      ii)     Constant threats regarding time constraint of job

      iii)    Constraint urging to break traffic laws including speed limits

      iv)     Supervisor telling him that the only reason he was riding with him was To take him out of service.

      v)      Shouting at him during the course of his work.

9.      All of the conduct of the employees of United Parcel Service in applying disciplinary rules was made with the direct intention to remove older (40 years and over) workers from the work force to reduce operating costs.

10.    After August 1, 2002 a deliver van driver makes $15.75 dollars per hour.

11.    At the time that Richard Doyle was discharged his hourly rate was

$29.23 dollars per hour.

12.    As a direct and proximate result of the discriminatory conduct of the

Defendant, the Plaintiff sustained the following damages:

   vi)    He has lost wages and will lose wages in the future.

   vii)    He has lost a benefit package

   viii)    He has lost his retirement

   ix)    He has incurred attorney's fees

13.    At all times mentioned herein the conduct of United Parcel Service toward

Plaintiff was intentional with the goal of creating such a stressful environment that rule

violations were a certainty and discharge was a certainty under the unequal application of

discipline.

WHEREFORE, Plaintiff, Richard Doyle, prays judgment of this Court in his favor and

against United Parcel Service as to Count IV of his Amended Petition in an amount of money

sufficient to compensate him for his loses and for such other and further relief as the Court

deems just and equitable.

       BY:    /s/John D. Wendler
         John D. Wendler
         Attorney at Law
         P.O. Box 339
         Edwardsville, Illinois 62025
         618-288-9210
         Mo. Bar No. 32854
         Wendlawoff@yahoo.com
         Attorney for Richard Doyle

PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT I V

## COUNT V – AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Ray Tetrault, by his attorney. John D. Wendler, and for Count V of the Amended Petition for Damages directed to Defendant, United Parcel Service, states as follows:

1.     At all times mention herein Ray Tetrault was a resident of the City of Florissant, State of Missouri and he is 55 years of age having been born on October 31, 1955.

2.     A t all times mentioned herein Defendant, United Parcel Service Inc. Is a corporation authorized to do business in the State of Missouri and operates a Facility at Earth City, Missouri.

3.     Plaintiff began his employment with Defendant on November 11, 1972, at St. Louis, Missouri, on Jefferson Ave.

4.     During his employment at the Defendant he worked as a part-time loader And package car driver.

5.     Plaintiff's last position with Defendant was as an over-the –road truck driver with a double trailer driving the same from St. Louis to Indianapolis with his starting point being Earth City, Missouri.

6.     In an effort to lower operating costs the following management employees engaged in a course of application of disciplinary actions that subjected old employees to consequences and job actions to which younger employees were not subjected:

      i)      Al Worthy – Manager of Supervisors at Earth City Facility.

      ii)     Rusty Fogardy – Supervisor at the Earth City Facility

      iii)    Other supervisors at the Earth City, Missouri

7.     The conduct that constituted unequal application of discipline began in May of

2008 (Plaintiff was escorted off lot for cracked suspension place – non DOT Violation) and

continued up to and including his day of discharge July 7, 2010.

      8.     United Parcel Service engaged in the following acts of unequal application of

work discipline in an effort to discharge the Plaintiff:

      i)     Terminated Plaintiff for a cracked suspension plate but

          did not terminate other drivers for the same reason.

      ii)     Forced Plaintiff to operate a tractor unit with a 21 lbs. clutch

          plate while the other drivers used trucks with an 11 pound

          clutch plate resulting in Plaintiff injuring his knee.

      iii)     An unnamed Supervisor contended that Plaintiff cut her

          off with a truck, but the same was a false accusation.

      iv)     Contended that an accident had occurred Leaving UPS

          facility at Indianapolis, when in fact no accident had

          occurred.

      9.     Up to the time of his termination Plaintiff had 31 years of safe driving

And never had a warning, suspension before Worthy arrived at St. Louis.

      10.     At the time of the acts of the Defendant there was enforce two levels of

compensation for United Parcel Service, Inc. with drivers of tractor-trailer units who held that

position prior to 1996 being entitled to significantly more compensation than driver not subject

to the 1996 contract.

      11.     At the time that he was terminated Plaintiff received the following

compensation:

      i)     Income of $105,000.00

      ii)     69 cents per mile with hourly pay of $28.96 per hour.

        iii)    Seven weeks paid vacation, two personal holidays, full benefits including major medical, prescription, eye and dental

12.    Younger employees not having the benefit of the 1976 contract are entitled to the following compensation and benefits:

        i)    $14.00 per hour

        ii)    No benefits for a year

        iii)    Two week's vacation after two years

        iv)    Five years of vacation after 25 years of employment.

13.    As a direct and proximate result of the actions of the Defendant the Plaintiff was damaged as follows:

        i)    His lost income and will lose income in the future

        ii)    He has lost job benefits and will lose the same in the future

        iii)    He has lost pension benefits and will lose the same in the future.

        iv)    He has experienced anxiety and embarrassment as a result of his being wrongfully terminated.

        v)    He has experienced physical manifestations of his anxiety in the form of bleeding ulcers and GI Bleeding.

        vi)    He does not eat, sleep or communicate with others as he used to do.

        vii)    He has nightmares regarding the way he was treated.

        viii)    He has suffered a major depressive episode.

14.    At all times mentioned herein Plaintiff, Ray Tetrault, was injured and sustained damages as a direct proximate result of a combination of inequitable applied discipline

and his being targeted as an older employee which conduct intentionally inflicted emotion

distress that manifested itself in Plaintiff emotionally and physically.

WHEREFORE, Plaintiff, Ray Tetrault, prays judgment of this Court in his favor

and against United Parcel Service as to Count V of his Amended Petition in an amount of

money sufficient to compensate him for his loses and for such other and further relief as the

Court deems just and equitable.

BY:     /s/John D. Wendler
        John D. Wendler
        Attorney at Law
        P.O. Box 339
        Edwardsville, Illinois 62025
        618-288-9210
        Mo. Bar No. 32854
        Wendlawoff@yahoo.com
        Attorney for Richard Doyle


PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT  V


**COUNT VI – AMENDED PETITION FOR DAMAGES**

Comes now Plaintiff, Tim Mueller, by his attorney. John D. Wendler, and for Count VI

of the Amended Petition for Damages directed to Defendant, United Parcel Service, states as

follows:

1.      At all times mention herein Tim Mueller is a resident of the City of Baldwin,

State of Missouri and is 51 years having been born on July 31, 1959

2.      A t all times mentioned herein Defendant, United Parcel Service Inc.

is a corporation authorized to do business in the State of Missouri and operates a

facility at Earth City, Missouri.

3.     Plaintiff began his employment with Defendant on January 11, 1984 at Jefferson Ave in St. Louis, Missouri beginning as a feeder driver moving to over the road Tractor trailer unit driver.

4.     Plaintiff's last position with Defendant was as an over-the –road truck driver with a double trailer driving the same from St. Louis to Indianapolis and his start point was Earth City, Missouri.

5.     In an effort to lower operating costs the following management employees engaged in a course of application of disciplinary actions and work rules that subjected older employees to consequences and dismissals to which younger employees were not subjected:

i)      Al Worthy – Manager of Supervisors at Earth City Facility.

ii)     Rusty Fogardy – Supervisor at the Earth City Facility

iii)    Mark Edgar - Supervisors at the Earth City, Missouri.

iv)    Other supervisors at the Earth City Facility, Missouri

7.     The conduct that constituted unequal application of work rules and discipline began in October of 2009 and continued up to and including his day of discharge.

8.     United Parcel Service engaged in the following acts of unequal application of work rules and the application of discipline to discharge the Plaintiff:

i)      Terminate Plaintiff for actions that did not result in termination to younger employees.

ii)     Forced Plaintiff to operate a tractor unit with constant surveillance while younger and less experienced drivers did not received constant surveillance.

iii)    Plaintiff was taken into the office to warn him he was not doing the work fast enough.

iv)     Plaintiff requests for management assistance to correct operation

problems that were delaying him were ignored and he

was placed under further surveillance.

9.      Up to the time of his termination Plaintiff had years of safe driving

and never acted in a manner to justify termination in comparison with to other younger

drivers.

10.     At the time of the acts of the Defendant there was enforce two levels of

compensation for United Parcel Service, Inc. with drivers of tractor-trailer units who held that

position prior to 1996 being entitled to significantly more compensation than driver not subject

to the 1996 contract.

11.     At the time that he was terminated Plaintiff received the following

compensation:

i)      Income in excess of $105,000.00

ii)     69 cents per mile with hourly pay of $30.125 per hour.

iii)    Seven weeks paid vacation, two personal holidays, full benefits

12.     Younger employees not having the benefit of the 1996 contract

are entitled to the following compensation and benefits:

i)      $14.00 per hour

ii)     No benefits for a year

iii)     Two week's vacation after two years

iv)     Five years of vacation after 25 years of employment.

v)      New hires were not at the top of the pay scale for three years.

13.     As a direct and proximate result of the actions of the Defendant the

Plaintiff was damaged as follows:

       i)      His lost income and will lose income in the future.

       ii)     He has lost job benefits and will lose the same in the future.

       iii)    He has lost pension benefits and will lose the same in the future.

       iv)    He has experienced anxiety and embarrassment as a result of his being wrongfully terminated.

       v)     He has experienced physical manifestations of his anxiety.

       vi)    He does not eat, sleep or communicate with others as he used to do.

       vii)   He has nightmares regarding the way he was treated.

       viii)  He has suffered a major depressive episode.

       ix)    He has been forced by his condition to seek care of his primary care physician and has been referred to a psychiatrist.

       x)     He has suffered sleeplessness and hopelessness

       xi)    He has lost his pension benefits.

15.    The conduct involving inequitable application of work rules and discipline was intentional with the goal being to force violation of work rules by stress to allow the application of unequal discipline to eliminate older driver's compensation.

      WHEREFORE, Plaintiff, Tim Mueller, prays judgment of this Court in his favor and against United Parcel Service as to Count VI of his Amended Petition in an amount of money sufficient to compensate him for his loses and for such other and further relief as the Court deems just and equitable.

BY:     /s/John D. Wendler
John D. Wendler
Attorney at Law
P.O. Box 339
Edwardsville, Illinois 62025
618-288-9210
Mo. Bar No. 32854
Wendlawoff@yahoo.com
Attorney for Richard Doyle

PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT  VI

## COUNT VII – AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Richard Doyle, by his attorney, John D. Wendler and for

Count VII of the Amended Petition for Damages directed to Defendant, United Parcel Service,

 states as follows:

1-12.   Plaintiff, Richard Doyle, repeats and re-alleges the allegations of Count II

Paragraphs 1-12 as paragraphs 1-12 of Count VIII.

13.     It is the public policy of the State of Missouri that work place decimation

based age not take place as reflected in R.S.Mo. 213.055, entitled Unlawful Employment

Practices.

14.     The section of the Missouri Statutes preventing unlawful employment practices

states in pertinent part as follows:

§ 213.055. Unlawful employment practices--exceptions
   1. It shall be an unlawful employment practice:
   (1) For an employer, because of the race, color, religion, national origin,
sex, ancestry, age or disability of any individual:
       (a) To fail or refuse to hire or to discharge any individual, or otherwise to
discriminate against any individual with respect to his compensation, terms,
conditions, or privileges of employment, because of such individual's race,
color, religion, national origin, sex, ancestry, age or disability;

(b) To limit, segregate, or classify his employees or his employment applicants in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability;

15.     It is the public policy of the State of Missouri that the terms of collective

bargaining agreements be honored by both sides and the unequal application of the same

Violates the public policy of the State of Missouri.

16.     A plan involving the intentional infliction of stress and inequitable application

of work rules and discipline was put into place violating the public policies of the State of

Missouri with the intent to deprive Plaintiff of his job salary and benefits that culminated with

his discharge.

17.     Plaintiff was damaged as a direct and proximate result of Defendants violation

of the public policy of the State of Missouri when he was wrongfully discharged.

WHEREFORE, Plaintiff, Richard Doyle, prays judgment of this Court in his favor

and against United Parcel Service in an amount of money sufficient to compensate him for his

loses and for such other and further relief as the Court deems just and equitable.

BY:     /s/John D. Wendler
John D. Wendler
Attorney at Law
P.O. Box 339
Edwardsville, Illinois 62025
618-288-9210
Mo. Bar No. 32854
Wendlawoff@yahoo.com
Attorney for Plaintiff – Ray Tetrault

PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT   VII

## COUNT VIII – AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Ray Tetrault, by his attorney, John D. Wendler and for

Count VII of the Amended Petition for Damages directed to Defendant, United Parcel Service,

states as follows:

1-13.   Plaintiff, Ray Tetrault, repeats and re-alleges the allegations of Count II

Paragraphs 1-13 as paragraphs 1-13 of Count VIII.

13.     It is the public policy of the State of Missouri that work place decimation

based age not take place as reflected in R.S.Mo. 213.055, entitled Unlawful Employment

Practices.

14.     The section of the Missouri Statutes preventing unlawful employment practices

states in pertinent part as follows:

> § 213.055. Unlawful employment practices--exceptions
> 1. It shall be an unlawful employment practice:
>   (1) For an employer, because of the race, color, religion, national origin,
> sex, ancestry, age or disability of any individual:
>     (a) To fail or refuse to hire or to discharge any individual, or otherwise to
> discriminate against any individual with respect to his compensation, terms,
> conditions, or privileges of employment, because of such individual's race,
> color, religion, national origin, sex, ancestry, age or disability;
>
>     (b) To limit, segregate, or classify his employees or his employment
> applicants in any way which would deprive or tend to deprive any individual of
> employment opportunities or otherwise adversely affect his status as an
> employee, because of such individual's race, color, religion, national origin,
> sex, ancestry, age or disability;

15.     It is the public policy of the State of Missouri that the terms of collective

bargaining agreements be honored by both sides and the unequal application of the same

Violates the public policy of the State of Missouri.

16.     A plan involving the intentional infliction of stress and inequitable application

of work rules and discipline was put into place violating the public policies of the State of

Missouri with the intent to deprive Plaintiff of his job salary and benefits that culminated with his discharge.

17. Plaintiff was damaged as a direct and proximate result of Defendants violation of the public policy of the State of Missouri when he was wrongfully discharged.

WHEREFORE, Plaintiff, Richard Doyle, prays judgment of this Court in his favor and against United Parcel Service in an amount of money sufficient to compensate him for his loses and for such other and further relief as the Court deems just and equitable.

BY:     /s/John D. Wendler
        John D. Wendler
        Attorney at Law
        P.O. Box 339
        Edwardsville, Illinois 62025
        618-288-9210
        Mo. Bar No. 32854
        Wendlawoff@yahoo.com
        Attorney for Plaintiff – Ray Tetrault

PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT  VIII

## COUNT IX – AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, Tim Mueller, by his attorney, John D. Wendler and for Count IX of the Amended Petition for Damages directed to Defendant, United Parcel Service, states as follows:

1-13.   Plaintiff, Tim Mueller, repeats and re-alleges the allegations of Count III Paragraphs 1-13 as paragraphs 1-13 of Count IX.

15.     It is the public policy of the State of Missouri that work place discrimination based age not take place as reflected in R.S.Mo. 213.055, entitled Unlawful Employment

Practices.

16.     The section of the Missouri Statutes preventing unlawful employment practices

states in pertinent part as follows:

> § 213.055. Unlawful employment practices--exceptions
> 1. It shall be an unlawful employment practice:
> (1) For an employer, because of the race, color, religion, national origin,
> sex, ancestry, age or disability of any individual:
>
> (a) To fail or refuse to hire or to discharge any individual, or otherwise to
> discriminate against any individual with respect to his compensation, terms,
> conditions, or privileges of employment, because of such individual's race,
> color, religion, national origin, sex, ancestry, age or disability;
>
> (b) To limit, segregate, or classify his employees or his employment
> applicants in any way which would deprive or tend to deprive any individual of
> employment opportunities or otherwise adversely affect his status as an
> employee, because of such individual's race, color, religion, national origin,
> sex, ancestry, age or disability;

17.     It is the public policy of the State of Missouri that the terms of collective

bargaining agreements be honored by both sides and the unequal application of the same

Violates the public policy of the State of Missouri.

18.     A plan involving the intentional infliction of stress and inequitable application

of work rules and discipline was put into place violating the public policies of the State of

Missouri with the intent to deprive Plaintiff of his job salary and benefits that culminated with

his discharge.

19.     Plaintiff was damaged as a direct and proximate result of Defendants violation

of the public policy of the State of Missouri when he was wrongfully discharged.

WHEREFORE, Plaintiff, Tim Mueller, prays judgment of this Court in his favor

and against United Parcel Service in an amount of money sufficient to compensate him for his

loses and for such other and further relief as the Court deems just and equitable.

BY:    <u>/s/John D. Wendler</u>
John D. Wendler
Attorney at Law
P.O. Box 339
Edwardsville, Illinois 62025
618-288-9210
Mo. Bar No. 32854
Wendlawoff@yahoo.com
Attorney for Plaintiff – Tim Mueller

PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT   IX

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above was electronically mailed and mailed via U.S. Postal Service first class, postage prepaid on the 13th day of June, 2011, to  attorney (s) of record:

Jovita M. Foster
Armstrong Teasdale, LLC
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
*Attorney for Defendant, United States Parcel Co.*


<u>  /s/ John D. Wendler          </u>
John D. Wendler